# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

CHARLES STREET, #55684     PLAINTIFF

VERSUS     CIVIL ACTION NO. 2:08-cv-153-KS-MTP

FORREST COUNTY, MISSISSIPPI, et al.     DEFENDANTS

## MEMORANDUM OPINION

Upon consideration of the records in this action, the Court finds that an order [15] was entered on September 30, 2008, denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee of $350.00, within twenty days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. Although Plaintiff filed a response [16] to this order, he did not pay the filing fee, thereby failing to comply with this order.

On January 28, 2009, an order [17] was entered directing the Plaintiff to show cause, on or before February 9, 2009, why this case should not be dismissed for his failure to comply with the Court's order denying him *in forma pauperis* status and directing him to pay the filing fee. In addition, the Plaintiff was directed to comply with the order by paying the filing fee, on or before February 9, 2009. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Instead of complying with the Court's order, Plaintiff filed a response [18], wherein he is requesting that the Court set up a payment plan for the filing fee in this case. Since Plaintiff has three qualifying dismissals under 28 U.S.C. § 1915(g), a payment plan may *not* be established for the Plaintiff. As a litigant with "three-strikes" Plaintiff has lost the privilege of proceeding with a case in this Court without prepayment of the filing fee. Therefore, Plaintiff's request is denied. Plaintiff has had ample time, since September 30, 2008, to submit the filing fee for this case and he has failed to do so.

The Plaintiff has failed to comply with two court orders. This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action <u>sua sponte</u>. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. <u>Id</u>. at 629-30.

As stated above, the Plaintiff has not complied with two court orders. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the  27th  day of February, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE